IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

ALLSTATE INSURANCE CO.,

No. 1:12-cv-1384-PA

Plaintiff,

v.

RICKY NELSON, et al.,                    **ORDER**

Defendants.

_____

**PANNER, District Judge:**

Plaintiff Allstate Insurance Co. seeks declaratory relief,
claiming it has no duty to defend or to indemnify in a personal
injury action pending in state court. Allstate now moves for
summary judgment based on its policy's exclusion for "bodily
injury . . . caused intentionally by . . . an insured person." I
grant the motion for summary judgment because the insured person
here pleaded guilty to assault by knowingly driving a car into a
pedestrian.

1 - ORDER

## BACKGROUND

The facts are not disputed.  Sharon and Ricky Nelson, who were insured under the Allstate policy at issue, took their car to Grants Pass Towing & Repair for repairs.  The Nelsons permitted David Gray, an employee of the repair shop, to take their car on a test drive.  As a permissive user of the Nelsons' car, Gray was an insured person under Allstate's policy.

While driving the Nelsons' car, Gray saw Christopher Addington walking on the sidewalk.  There was bad blood between Gray and Addington, who was the ex-husband of Gray's girlfriend. Gray yelled at Addington, who continued walking.

Gray drove a short distance and parked in a driveway to wait for Addington to walk in front of the car.  When Addington walked by, Gray drove the car directly at him, but  Addington managed to jump on the hood of the car to avoid being run over.  Gray drove away but was soon arrested.

Gray pleaded guilty to assault in the second degree.  At the change of plea hearing, the judge explained to Gray that the assault charge was for "unlawfully and knowingly causing physical injury to Chris Addington by means of dangerous weapon, to wit, a vehicle."

Addington filed the underlying state court action for personal injuries against Gray and Grants Pass Towing & Repair. The complaint alleges Gray was negligent.

## STANDARDS

The court must grant summary judgment if there are no genuine

issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  If the moving party shows that there are no genuine issues of material fact, the nonmoving party must go beyond the pleadings and designate facts showing an issue for trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The interpretation of an insurance policy is a question of law for the court.  St. Paul Fire & Marine Ins. Co. v. McCormick & Baxter Creosoting Co., 324 Or. 184, 192, 923 P.2d 1200, 1205 (1996).  The insured has the initial burden of showing coverage exists, and the insurer has the burden of showing the policy excludes coverage.  Employers Ins. of Wausau v. Tektronix, Inc., 211 Or. App. 485, 509, 156 P.3d 105, 119 (2007).

## DISCUSSION

The policy provides, "We will not pay for any damages an insured person is legally obligated to pay because of . . . bodily injury or property damage caused intentionally by or at the direction of an insured person."  Addington contends there is a genuine issue of material fact whether Gray "intended both the act and the harm" to Addington.  I agree with Allstate, however, that Gray's guilty plea establishes as a matter of law that he intended to cause serious bodily injury to Addington.

## I.   The Duty to Defend

An insurer has a duty to defend an action "if the complaint filed against the insured 'could, without amendment, impose liability for conduct covered by the policy.'"  United States Fid.

3 - ORDER

& Guar. Co. v. Star Techs., Inc., 935 F. Supp. 1110, 1113 (D. Or.
1996) (quoting Ledford v. Gutoski, 319 Or. 397, 399-400, 877 P.2d
80, 82 (1994)).  The insurer is not, however, "confined to the
complaint allegations in the underlying complaint if it has
evidence, such as a plea in a prior criminal proceeding, which
shows that there is no coverage under its policy and, thus, no
duty to defend."  Allstate Ins. Co. v. Daniken, 2005 WL 327134, at
*5 (D. Or. 2005).

        Here, Gray's guilty plea is evidence that there is no
coverage under Allstate's policy.  The conviction for assault
shows as a matter of law that Gray acted with intent to injure
Addington.  See State Farm Fire and Cas. Co. v. Reuter, 299 Or.
155, 163-64, 700 P.2d 236, 241 (1985) (intentional conduct
exclusion applied because assault conviction established insured's
intent to injure victim).  It makes no difference that Gray's
conviction was based on a guilty plea rather than a trial because
a "guilty plea is an admission of the ultimate facts that are the
material elements of the crime charged in the indictment."  State
Farm Fire and Cas. Co. v. Sallak, 140 Or. App. 89, 93, 914 P.2d
697, 700 (1996).  Allstate has no duty to defend.

**II.  Duty to Indemnify**

        "[T]he duty to indemnify is established by proof of actual
facts demonstrating a right to coverage."  Northwest Pump v. Am.
States Ins., 144 Or. App. 222, 227, 925 P.2d 1241, 1243 (1996) (en
banc).  There is no duty to indemnify here because the policy's
exclusion for intentional conduct applies as a matter of law.  See

<u>Allstate Ins. Co. v. Deloretto</u>, 2007 WL 3408135, at *3 (D. Or. 2007) (no duty to indemnify because insured's conviction for sex abuse established that exclusion applied).

### CONCLUSION

Plaintiff's motion for summary judgment (#25) is granted.

IT IS SO ORDERED.

DATED this ___14___ day of January, 2013.

_____
OWEN M. PANNER
U.S. DISTRICT JUDGE

5 - ORDER